UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**FRANCIS W. CONNER, JR., ET AL.** : **CIVIL ACTION NO. 19-1390**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**CHEVRON, USA INC., ET AL.** : **MAGISTRATE JUDGE KAY**

MEMORANDUM RULING AND
REPORT AND RECOMMENDATION

Before the court is a Motion to Amend filed by defendants Chevron USA Inc. ("Chevron"), and Hess Corporation ("Hess"). Doc. 26. The motion is opposed by plaintiffs Francis W. Conner, Jr., F.W. Conner Jr., Minerals, LLC. (hereafter referred to collectively as "the Conner plaintiffs") and the State of Louisiana ("the State") ex rel. Doc. 31.

Also before the court is Motion to Remand filed by plaintiffs. Doc. 19. The motion is opposed by defendants Chevron, Hess, and Northwestern Mutual Life Insurance Company. Docs. 24, 24. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, the Motion to Amend [doc. 26] is **GRANTED**. Furthermore, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and, insofar as that the State of Louisiana is not a party to this litigation, any reference to the State of Louisiana as a party should be removed.

# I.
## BACKGROUND

The Conner plaintiffs filed an action in the 31st Judicial District Court, Parish of Jefferson Davis, Louisiana, alleging their property had been damaged by oil and gas exploration and production activities. Doc. 1, att. 2. Named as defendants were Chevron, Hilcorp Energy Company, Hess, LLOG Exploration Company LLC, Vernon E. Faulconer Inc., Hunt Oil Company, and The Northwestern Mutual Life Insurance Company. *Id.* at 4. The Conner plaintiffs seek, *inter alia*, remediation of their property, and the costs associated with such remediation, of their allegedly contaminated property in Jefferson Davis Parish. *Id.* at 21-23. They claim they are entitled to bring a lawsuit on behalf of themselves, the Commissioner, and the State, under La. R. S. § 30:14 and § 30:16. *Id.* at 22, 23.

Chevron and Hess removed the suit to this Court on the basis of diversity jurisdiction. Doc. 1. All other defendants consented to removal. *See Id.* at att. 6. Plaintiffs seek remand alleging this Court lacks subject-matter jurisdiction because the State cannot be a citizen of itself for diversity purposes. Doc. 19. They also argue defendant failed to properly set forth the citizenship of LLOG Exploration Company LLC. *Id.* Defendants Chevron, Hess and Northwestern Mutual Life Insurance Company oppose remand. Docs. 24, 25. They argue plaintiffs lack the authority to bring suit in the name of the State of Louisiana and argue that diversity jurisdiction was adequately plead in the notice of removal. *Id.* "In an abundance of caution," however, they seek leave to amend their notice of removal as it relates to LLOG Exploration Company LLC. Doc. 26. Plaintiffs oppose leave.[1]

---

[1] In their memorandum in support of their Motion to Remand, plaintiffs preemptively oppose any request for leave to amend. Doc. 19, att. 2, p. 17. Following Chevron and Hess's request for leave [doc. 26] plaintiffs filed formal opposition [doc. 31] referring the Court to their arguments as set forth in their remand memorandum. They reiterate their opposition in their reply in support of their Motion to Remand. Doc. 34.

## II.
### LAW AND ANALYSIS

### A. Motion for Leave

Amendment of a Notice of Removal is allowed under 28 U.S.C. § 1653 which provides "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Once the time limit for initial removal has passed,

> the removing party may amend its notice only to correct defects; it may not amend to present new grounds for removal. *Davis v. Life Investors Ins. Co. of Am., Inc.*, 214 F.Supp.2d 691, 693–94 (S.D. Miss. 2002) (discussing the history of this rule and citing cases); *see* 28 U.S.C. § 1446(b) (providing a time limit for removal of thirty days from date of service). Section 1653 is liberally construed, and "technical defects or failure to specifically allege citizenship can be cured even in the appellate courts," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988).

*Materials Evaluation & Tech. Corp. v. Mid-Continent Cas. Co.,* 2011 WL 13217078, at *1 (E.D. Tex. Feb. 28, 2011).

According to plaintiffs, Chevron and Hess's proposed amendment is impermissible and otherwise untimely because they seek to correct "missing" allegations rather than "defective" ones. Doc. 19, att. 2, p. 17; doc. 34, pp. 2-5. Plaintiffs argue that defendants failed to properly identify the members of Defendant LLOG Exploration Company LLC when, in their notice, they alleged [d]Defendant LLOG Exploration Company, L.L.C., ("LLOG") is a limited liability company with one member, Gerald A. Boelte. Mr. Boelte was at the time the state court action was filed, and is now, an individual domiciled in Wyoming. Thus, LLOG was at the time the state court action was filed, and is now, a citizen of Wyoming." Doc. 19, att. 2, pp. 14-17 (plaintiffs' argument); Doc. 1, p. 11 (removing defendants' allegation). Plaintiffs argue that LLOG Exploration Company LLC's sole member is actually **LLOG Holdings, LLC**, whose sole member is Gerald Boelte. Doc.

19, att. 2, p. 16.[2]  In essence, the removing defendants failed to insert LLOG Holdings, LLC, between LLOG Exploration Company, LLC, and Gerald Boelte, a citien of Wyoming, in its declaration of citizenship.

Amendment of the notice to properly insert the holding company between the exploration company and Mr. Boelte is clearly a correction of a defect in the original notice and is not an effort to present new grounds for removal.  For these reasons the Motion to Amend is granted.[3]

## B. Motion to Remand

Plaintiffs seek remand alleging this Court lacks subject-matter jurisdiction because the State cannot be a citizen of itself for diversity purposes.  Doc. 19.[4]

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

The removing defendants cite the § 1332 diversity provision as our sole basis for jurisdiction in this case. Doc. 1. They allege complete diversity exists between the Conner plaintiffs and defendants. *Id*.; Doc. 26, att. 2. They argue that the citizenship of the State should

---

[2] Plaintiffs also suggest there were actually five members of LLOG Exploration Company, LLC "at least two of which are Louisiana domiciliaries" relying on a Dun & Bradstreet report.  Doc. 19, att. 2, p. 16. Chevron and Hess dispute this claim.  Doc. 24, pp. 7-8.  Plaintiffs appear to have abandoned this argument as they offer no evidence that addresses the Declaration of Gerald A. Boelte that the sole member of LLOG Exploration Company, LLC, is LLOG Holdings, LLC, of which he, a domiciliary of Wyoming, is the sole member.
[3] This is consistent with our own previous ruling in *Henry v. O'Charleys Inc.,* 861 F.Supp.2d 767 (W.D. La.2012).
[4] Plaintiffs also argue remand is proper because of the error in properly naming the ownership of LLOG Exploration Company, LLC, but we do not address those claims considering we are allowing amendment of the notice.

be disregarded because: (1) the Conner plaintiffs lack authority to bring a suit in the name of the State [*id.* at 3-4], or; (2) the State has no interest in this litigation [*id.* 6-11]. These arguments are maintained in their opposition to remand [doc. 24, pp. 2-5] incorporated by Northwestern Mutual Life Insurance Company in its opposition to remand [doc. 25].

Ordinarily, where a state is a party, there can be no federal jurisdiction based on diversity of citizenship because a state is not a citizen of itself. *See La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006). Notably however, a party may sue in the name of the State only if he has statutory authority to do so. *Watson v. Arkoma Dev., LLC.*, 2018 WL 1311208, at *2 (W.D. La. Feb. 13, 2018); see also *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp.3d 872, 889 (E.D. La. 2014) (holding Louisiana law does not allow self-appointed interlopers to institute legal action on behalf of the State without legal authority to do so).

The Conner plaintiffs cite La. R. S. § 30:16 as its authority to bring this suit *ex rel.* on behalf of the State. Doc. 1, att. 2, p. 22. That section allows a person whose interest has been adversely affected to bring suit to prevent any violations provided in La. R. S. § 30:14. Before filing the action, the claimant must notify the Louisiana Commissioner of Conservation ("the Commissioner") in writing of the violation. *Id.* If the court holds that injunctive relief should be granted, the Commissioner "shall be made a party and shall be substituted for the person who brought the suit and an injunction shall be issued as if the Commissioner had all times been the complaining party." La. R. S. § 30:16.

However, the statute does not grant an interested person authority to sue in the name of the State. *Id.* This district has repeatedly found that plaintiffs who bring suit pursuant to La. R.S. § 30:16 lack the statutory authority to sue in the name of the State of Louisiana. *Louisiana ex rel. Tureau v. Bepco, L.P.*, 2018 WL 6843512 (W.D. La. Oct. 15, 2018); *Watson*, 2018 WL 1311208;

*Louisiana ex rel. Guilbeau v. Bepco, L.P.*, 2018 WL 4869389 (W.D. La. June 18, 2018). Accordingly, the Conner plaintiffs have no authority to sue on behalf of the state under § 30:16, and the State is not a proper party.

Where the state is a "nominal party" its presence does not destroy complete diversity and the court may disregard the State for purposes of determining diversity jurisdiction. *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, . . . the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, *even though they may be required by law or court order to join in the lawsuit*.") (emphasis added). The State is considered a nominal party where it has no real interest in the outcome of the litigation. *Id.* To determine whether the State has a real interest in the litigation the court considers whether it "can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to [it].'" *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)). This decision must be guided by practical considerations. *Union Oil Co. of California*, 458 F.3d at 367.

The Conner plaintiffs argues the State is the real party in interest in this suit. Doc. 19, att. 2, p. 11. This district has repeatedly found that the State has only a general interest in suits brought by private parties under La. R.S. § 30:16. *See Tureau*, *supra; Watson*, *supra; Guilbeau, supra.*

At its core, this suit involves a pair of landowners seeking to recover for property damage and the State is not a real party in interest. Accordingly, as the State is not a real party in interest and La. R. S. § 30:16 does not authorize the Conner plaintiffs to bring a suit on behalf of the State, the state should be disregarded for diversity purposes.

Finding complete diversity between the Conner plaintiffs and defendants, we find that we have jurisdiction and we recommend that the Motion for Remand be denied.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Amend [doc. 26] is **GRANTED**.

Furthermore, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and, as the State of Louisiana is not a party to this litigation, any reference to the State of Louisiana as a party be removed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 2nd day of June, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE